Douglas C. Heumann SBN 190319
Law Office Douglas C. Heumann
3132 Tiger Run Ct. Ste. 106
Carlsbad CA, 92010
Phone (760) 450-6785
Facsimile (760) 434-3414
douglasheumann@hotmail.com
In pro per and Attorney for Douglas C. Heumann Revocable Living Trust and Norma Escandon Heumann

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS C. HEUMANN, an individual: DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007; and NORMA ESCANDON HEUMANN, an individual,<br><br>Plaintiffs<br><br>v.<br><br>TAMMIE LEE ASANTI (fka Tammie Lee Heumann) an individual; and DOES 1-20<br><br>Defendants. | CASE NO. **'19CV1119 W   MSB**<br><br>COMPLAINT FOR<br><br>1. ADVERSE POSSESSION<br>2. QUIET TITLE<br>3. ADVERSE POSSESSION<br>4. QUIET TITLE<br>5. ACCOUNTING |

Plaintiffs, DOUGLAS C. HEUMANN, DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007 and NORMA ESCANDON HEUMANN for its complaint alleges as follows:

**PARTIES**

1.   DOUGLAS C. HEUMANN (hereinafter "HEUMANN") is a resident of the state of California

COMPLAINT - 1

2. Plaintiff DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007 ("HEUMANN TRUST") is a revocable trust organized under the laws of the State of California.

3. Plaintiff NORMA ESCANDON HEUMANN ("ESCANDON") is a resident of the State of California.

4. Plaintiffs HEUMANN, HEUMANN TRUST and ESCANDON shall hereinafter be referred to as "Plaintiffs".

5. Defendant TAMMIE LEE ASANTI ("ASANTI") is a resident of the state of Idaho and was formerly known as "Tammie Lee Heumann".

6. Plaintiff does not know the true names of defendants all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title or any cloud on plaintiff's title thereto and DOES 1 through 20, inclusive, and therefore sues them by those fictitious names. The names, capacities and relationships of DOES 1 through 20 will be alleged by amendment to this complaint when they are known.

7. ASANTI and DOES 1 through 20 shall jointly be referred to as "Defendants".

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) due to the diversity of citizenship amongst the parties and the amount in controversy being more than $75,000.

9. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the properties which are the subject of this action are located in this district and because Plaintiffs' causes of action arose in this district.

**FACTUAL ALLEGATIONS**

10.  HEUMANN and ASANTI were married from October 23, 1999 and separated on June 1, 2005.

11.  During the time HEUMANN and ASANTI were married, they purchased two properties.

12.  The first is commonly known at 3987 Foothill Ave., Carlsbad CA 92010 and is more particularly described in the attached Exhibit A.  Said property located at 3987 Foothill Ave shall hereinafter be referred to as "Foothill House".

13.  The second is commonly known as 362 Foxtrail Dr., El Centro CA 92243 and is more particularly described in the attached Exhibit B.  Said property located at 362 Foxtrail Dr. shall hereinafter be referred to as "Foxtrail House".

14.  HEUMANN and ASANTI's marriage was dissolved in February of 2006.  As part of the settlement agreement between the parties, the expenses of the Foothill House and Foxtrail House were to be shared by HEUMANN and ASANTI with the intent that each would occupy one of the residences.  ASANTI would occupy the Foothill House and HEUMANN would occupy the Foxtrail House.

15.  ASANTI moved out of the Foothill House in approximately June of 2006.

16.  It is herein alleged that since ASANTI departed the Foothill House in approximately June of 2006, she abandoned any and all interest in the Foothill House because she has failed to occupy, maintain or contribute to the cost or upkeep of the Foothill House.

17.  Further, it is herein alleged that since June of 2006, ASANTI has abandoned any and all interest in the Foxtrail House because she has never occupied, maintained or contributed to the costs or upkeep of the Foxtrail House.

18. It is also alleged that at no time since June of 2006 has ASANTI contributed or paid towards the property taxes on the Foothill House or the Foxtrail House.

19. It is herein alleged that at all times since June of 2006 through the present, HEUMANN has exclusively possessed the Foothill House in an open, hostile, and continuous manner.

20. It is further alleged that since June of 2006 through the present, HEUMANN has paid the property taxes to the Foothill House timely for more than five (5) consecutive years.

21. It is herein alleged that at all times since June of 2006 through the present, HEUMANN has exclusively possessed the Foxtrail House in an open, hostile and continuous manner.

22. It is further alleged that since June of 2006 through the present, HEUMANN has paid the property taxes to the Foxtrail House timely for more than five (5) consecutive years.

23. It is herein alleged that at all times since October of 2013 through the present, HEUMANN TRUST has exclusively possessed the Foothill House in an open, hostile, and continuous manner.

24. It is further alleged that since October of 2013 through the present, HEUMANN TRUST has paid the property taxes to the Foothill House timely for more than five (5) consecutive years.

25. It is herein alleged that at all times since October of 2013 through the present, HEUMANN TRUST has exclusively possessed the Foxtrail House in an open, hostile and continuous manner.

26. It is further alleged that since October of 2013 through the present, HEUMANN TRUST has paid the property taxes to the Foxtrail House timely for more than five (5) consecutive years.

27. It is herein alleged that at all times since June of 2009 through the present, ESCANDON has exclusively possessed the Foothill House in an open, hostile, and continuous manner.

28. It is further alleged that since June of 2009 through the present, ESCANDON has paid the property taxes to the Foothill House timely for more than five (5) consecutive years.

29. It is herein alleged that at all times since June of 2009 through the present, ESCANDON has exclusively possessed the Foxtrail House in an open, hostile and continuous manner.

30. It is further alleged that since June of 2009 through the present, ESCANDON has paid the property taxes to the Foxtrail House timely for more than five (5) consecutive years.

31. It is further alleged that Plaintiffs have made substantial improvement to the Foothill House and Foxtrail House and that at no time has ASANTI contributed to any of these improvements.

**FIRST CAUSE OF ACTION**
**(Adverse Possession of Foothill House)**
**(Against All Defendants)**

32. Plaintiffs re-allege and incorporate by reference every allegation herein as if fully set forth below.

33. Plaintiffs have exclusively possessed the Foothill House in an actual, open, hostile, and continuous manner in excess of the 5-year period set forth in Code of Civil Procedure sections 318, 319, 321-323.

34. Plaintiffs have been in continuous possession during the five (5) year period adverse to all Defendants and to all other persons, in support of Plaintiffs' title to the Foothill House.

35. Plaintiffs have paid all taxes and assessments that have been levied or assessed against the Foothill House for more than the minimum 5-year period.

36. Any claim or interest asserted by Defendants to an estate or interest in the Foothill House or Foxtrail House is adverse to Plaintiffs' title.

## SECOND CAUSE OF ACTION
### (Quiet Title to Foothill House)
### (Against All Defendants)

37. Plaintiffs re-allege and incorporate by reference every allegation herein as if fully set forth below.

38. Plaintiffs are and at all times herein mentioned the owner and/or entitled to possession of the Foothill House.

39. Plaintiffs are informed and believes and thereupon alleges that Defendants, and each of them, claim an interest in the property adverse to Cross Complainant herein. However, the claims of said Defendants are without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Foothill House.

40. Plaintiffs therefore seeks a declaration that the title to the Property is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiffs.

## THIRD CAUSE OF ACTION
### (Adverse Possession of Foxtrail House)
### (Against All Defendants)

41. Plaintiffs re-allege and incorporate by reference every allegation herein as if fully set forth below.

42.     Plaintiffs have exclusively possessed the Foxtrail House in an actual, open, hostile, and continuous manner in excess of the 5-year period set forth in Code of Civil Procedure sections 318, 319, 321-323.

43.     Plaintiffs have been in continuous possession during the five (5) year period adverse to all Defendants and to all other persons, in support of Plaintiffs' title to the Foxtrail.

44.     Plaintiffs have paid all taxes and assessments that have been levied or assessed against the Property the 5-year period.

45.     Any claim or interest asserted by Defendants to an estate or interest in the Foxtrail House is adverse to Plaintiffs' title.

## FOURTH CAUSE OF ACTION
### (Quiet Title)
### (Against All Defendants and DOES 1-50)

46.     Plaintiffs re-allege and incorporate by reference every allegation herein as if fully set forth below.

47.     Plaintiffs are and at all times herein mentioned the owner and/or entitled to possession of the Foxtrail House.

48.     Plaintiffs are informed and believes and thereupon alleges that Defendants, and each of them, claim an interest in the property adverse to Cross Complainant herein. However, the claims of said Defendants are without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Foxtrail House.

49.     Plaintiffs therefore seeks a declaration that the title to the Foxtrail House is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said Defendants, and each of them, be

forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiffs.

### FIFTH CAUSE OF ACTION
### (Accounting)
### (Against All Defendants and DOES 1-50)

50. Plaintiffs re-allege and incorporate by reference every allegation herein as if fully set forth below.

51. In the event that Plaintiffs have not adversely possessed the Foothill House and Foxtrail House, Defendants have become indebted to Plaintiff for their failure to contribute in any way towards the expenses and upkeep of the Foothill House and Foxtrail House.

52. In addition, Plaintiffs have made substantial improvements to the Foothill House and Foxtrail House.

53. The relationship between the parties requires and accounting because a balance remains due from Defendants that can only be ascertained by an accounting.

**WHEREFORE**, Plaintiffs prays for judgment against Defendants and each of them, as follows:

**FOR THE FIRST CAUSE OF ACTION FOR ADVERSE POSSESSION AGAINST ALL DEFENDANTS**

1. For judgment that Plaintiffs are the fee simple owner of all right, title, and interest in and to the Foothill House;

2. For judgment that Defendants do not have any right, title, estate, or interest in or lien on the Foothill House;

3. For such further relief as the court may deem proper.

**FOR THE SECOND CAUSE OF ACTION TO QUIET TITLE AGAINST ALL DEFENDANTS**

1. For an order compelling said Defendants, and each of them, to transfer legal title and possession of the Foothill House to Plaintiffs herein;

2. For a declaration and determination that Plaintiffs are the rightful holder of title to the Foothill House and Defendants, and each of them, be declared to have no estate, right, title or interest in the Foothill House;

3. For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the Foothill House;

4. For costs of suit herein incurred;

5. For such other and further relief as the court may deem proper.

**FOR THE THIRD CAUSE OF ACTION FOR ADVERSE POSSESSION AGAINST ALL DEFENDANTS**

1. For judgment that Plaintiffs are the fee simple owner of all right, title, and interest in and to the Foxtrail House;

2. For judgment that Defendants do not have any right, title, estate, or interest in or lien on the Foxtrail House;

3. For such further relief as the court may deem proper.

**FOR THE SECOND CAUSE OF ACTION TO QUIET TITLE AGAINST ALL DEFENDANTS**

1. For an order compelling said Defendants, and each of them, to transfer legal title and possession of the Foxtrail House to Plaintiffs herein;

2. For a declaration and determination that Plaintiffs are the rightful holder of title to the Foxtrail House and Defendants, and each of them, be declared to have no estate, right, title or interest in the Foxtrail House;

3. For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the Foxtrail House;

4. For costs of suit herein incurred;

5. For such other and further relief as the court may deem proper.

**FOR THE FIFTH CAUSE OF ACTION FOR ACCOUNTING AGAINST ALL DEFENDANTS**

1. For an accounting between Plaintiffs and Defendants;

2. For the amount found to be due from Defendant to Plaintiff as a result of the accounting and interest on that amount from and after June 2006;

3. For costs of suit herein incurred.

4. For such other and further relief as the court may deem proper

Dated:     May 31, 2019

Submitted by:

_[signature]_
_____

Douglas C. Heumann  In pro per
and Attorney for Douglas C.
Heumann Revocable Living Trust and
Norma Escandon Heumann

# EXHIBIT A

All that Property located in the City of Carlsbad, County of San Diego and State of California more particularly described as follows:

LOT 188 OF CARLSBAD TRACT NO. 83-19, CALAVERA HILLS VILLAGE T, IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 12951, FILED IN. THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 16, 1992, AS CORRECTED BY CERTIFICATE OF CORRECTION RECORDED AUGUST 12, 1998 AS FILE NO. 1998-0509900 OF OFFICIAL RECORDS.

APN: 168-291-13-00

# EXHIBIT B

The following described property in the City of El Centro, County of Imperial, State of California:

Lot 31 of Countryside Estates Subdivision No. 3, in the City of El Centro, County of Imperial, State of California, According to Map on file in Book 21, Page 40 of Final Maps on file in the Office of the County Recorder of Imperial County.

APN: 054-522-014-00