Jerry D. Hemme, Esq. [SBN 99010]
**GOODE, HEMME & BARGER, APC**
6256 Greenwich Dr., Suite 500
San Diego, California 92122
Tel: 858.587.3555
Fax: 858.587.3545
jhemme@sandiegoattorney.com

Attorneys for Defendant
TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS C. HEUMANN, an individual; DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007; and NORMA ESCANDON HEUMANN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAMMIE LEE ASANTI (fka TAMMIE LEE HEUMANN) an individual; and DOES 1-20;<br><br>Defendants. | Case No.  19cv1119 W MSB<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| TAMMIE LEE ASANTI (fka TAMMIE LEE HEUMANN) an individual,<br><br>Counter-claimant,<br><br>v.<br><br>DOUGLAS C. HEUMANN, an individual; DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007; and NORMA ESCANDON HEUMANN, an individual ROES 1-10, inclusive<br><br>Counter-defendants. | |

## ANSWER TO COMPLAINT

Defendant TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN ("Defendant"), for herself alone, answering the complaint on file herein, admits, denies and alleges as follows:

## PARTIES

1. Answering paragraph 1 thereof, admits the allegations contained in said paragraph.

2. Answering paragraph 2 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

3. Answering paragraphs 3, 4 and 5 thereof, admits the allegations contained in said paragraphs.

4. Answering paragraphs 6 and 7 thereof, denies for want of information and belief each and every allegation contained in said paragraphs.

## JURISDICTION AND VENUE

5. Answering paragraph 8 thereof, admits that the Court has subject matter jurisdiction due to the diversity of citizenship among the parties, and denies for want of information and belief that the amount in controversy is more than $75,000.

6. Answering paragraph 9 thereof, admits the allegations contained in said paragraph.

## FACTUAL ALLEGATIONS

7. Answering paragraph 10 thereof, admits the date of marriage but denies that the parties separated on June 1, 2005.

8. Answering paragraph 11, denies that Asanti and Heumann purchased just two properties together and allege that they purchased eight properties together, but had just two remaining properties at the time of their dissolution.

9. Answering paragraphs 12 and 13 thereof, admits the allegations contained in said paragraphs.

10. Answering paragraph 14 thereof, denies the allegation s contained in said paragraph.

11. Answering paragraphs 15, 16 and 17 thereof, denies each and every allegation contained in said paragraphs.

12. Answering paragraph 18 thereof, denies the allegations contained in said paragraph.

13. Answering paragraph 19 thereof, denies each and every allegation contained in said paragraph.

14. Answering paragraph 20 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

15. Answering paragraph 21 thereof, denies each and every allegation contained in said paragraph.

16. Answering paragraph 22 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

17. Answering paragraph 23 thereof, denies each and every allegation contained in said paragraph.

18. Answering paragraph 24 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

19. Answering paragraph 25 thereof, denies each and every allegation contained in said paragraph.

20. Answering paragraph 26 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

21. Answering paragraph 27 thereof, denies each and every allegation contained in said paragraph.

22. Answering paragraph 28 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

23. Answering paragraph 29 thereof, denies each and every allegation contained in said paragraph.

24. Answering paragraph 30 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

25. Answering paragraph 31 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

## RESPONSE TO FIRST CAUSE OF ACTION

### (Adverse Possession of Foothill House)

26. Answering paragraph 32 thereof, this answering Defendant incorporates by reference her responses to paragraphs 1 through 33 of Plaintiff's complaint as though set forth in full.

27. Answering paragraphs 33 and 34 thereof, denies each and every allegation contained in said paragraphs.

28. Answering paragraph 35 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

29. Answering paragraph 36 thereof, denies each and every allegation contained in said paragraph.

## RESPONSE TO SECOND CAUSE OF ACTION

### (Quiet Title to Foothill House)

30. Answering paragraph 37 thereof, this answering Defendant incorporates by reference its responses to paragraphs 1 through 36 of Plaintiff's complaint as though set forth in full.

31. Answering paragraph 38 thereof, admits that Plaintiff DOUGLAS C. HEUMANN and/or the HEUMANN TRUST is a co-owner of the Foothill House and entitled to possession of the Foothill House and denies for want of information and belief the remaining allegations of said paragraph.

32. Answering paragraphs 39 and 40 thereof, denies each and every allegation contained in said paragraphs.

//
//

## RESPONSE TO THIRD CAUSE OF ACTION

## (Adverse Possession of Foxtrail House)

33. Answering paragraph 41 thereof, this answering Defendant incorporates by reference its responses to paragraphs 1 through 40 of Plaintiff's complaint as though set forth in full.

34. Answering paragraphs 42 and 43 thereof, denies each and every allegation contained in said paragraphs.

35. Answering paragraph 44 thereof, denies for want of information and belief each and every allegation contained in said paragraph.

36. Answering paragraph 45 thereof, denies each and every allegation contained in said paragraph.

## RESPONSE TO FOURTH CAUSE OF ACTION

## (Quiet Title)

37. Answering paragraph 46 thereof, this answering Defendant incorporates by reference its responses to paragraphs 1 through 45 of Plaintiff's complaint as though set forth in full.

38. Answering paragraph 47 thereof, admits that Plaintiff DOUGLAS C. HEUMANN and/or the HEUMANN TRUST is a co-owner of the Foothill House and entitled to possession of the Foothill House and denies for want of information and belief the remaining allegations of said paragraph.

39. Answering paragraph 48 and 49 thereof, denies each and every allegation contained in said paragraphs.

## RESPONSE TO FIFTH CAUSE OF ACTION

## (Accounting)

40. Answering paragraph 50 thereof, this answering Defendant incorporates by reference its responses to paragraphs 1 through 49 of Plaintiff's complaint as though set forth in full.

41. Answering paragraphs 51, 52 and 53 thereof, denies for want of information and belief each and every allegation contained in said paragraphs.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

42. The complaint and each cause of action alleged therein fails to allege facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

43. This answering defendant alleges that the complaint, and each and every cause of action contained therein are barred by reason of acts, omissions, representations, and courses of conduct by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

44. Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any breach, obligation and/or duty which Plaintiffs purport to allege was committed or owed by any defendant including for any alleged breach of contract, or any other conduct, if any, as set forth in the complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

45. Plaintiff's claims, and each of them, are barred because plaintiffs delayed for an unreasonable period of time in asserting claims against defendant and these delays have prejudiced defendant. Therefore, the complaint is barred by laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

46. Plaintiffs HEUMANN and/or the HEUMANN TRUST are co-tenants in the Foxhill House and the Foxtrail House. At no time did Plaintiffs provide notice to defendant if their intent to incur expenses for improvements to the properties. Therefore, defendant is not responsible for these expenses.

WHEREFORE, Defendant prays for relief as follows:

1. Plaintiffs take nothing by way of this action;
2. Judgment and dismissal are entered in favor of Defendant;
3. Defendant be awarded attorney's fees and costs of suit herein; and
4. Defendant be awarded any other relief that the court deems just and proper.

Dated: July 12, 2019                                **GOODE, HEMME & BARGER, APC**

By: /S/ Jerry D. Hemme
Jerry D. Hemme, Esq.
Attorneys for Defendant
TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN

# COUNTERCLAIM

Defendant and Counter-claimant TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN, hereby states her Counterclaim as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims herein under 28 U.S.C. 1367 because they are related to the claims in plaintiffs' complaint in that they form part of the same case or controversy.

2. Venue is proper in this judicial district because this is a counterclaim to a complaint filed in this judicial district, and under 28 U.S.C. section 1391(a).

## PARTIES

3. Defendant and Counter-claimant TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN ("Asanti") is an individual, is a resident of the State of Idaho.

4. Counter-defendant DOUGLAS C. HEUMANN ("Heumann"), is an individual and a resident of the State of California.

5. Counter-defendant DOUGLAS C. HEUMANN TRUSTEE OF THE DOUGLAS C. HEUMANN REVOCABLE LIVING TRUST DATED 8/1/2007 ("Heumann Trust"), is a revocable trust organized under the laws of the State of California.

6. Counter-defendant NORMA ESCANDON HEUMANN is an individual and a resident of the State of California.

7. The true names and capacities of Counter-defendants, ROES 1-10, inclusive, are unknown to Counter-complainant at this time, who therefore sues said Counter-defendants by such fictitious names. Counter-complainant is informed and believes, and thereon alleges, that each Counter-defendant named as a ROE claims an interest in the Property. Counter-complainant will amend this counterclaim by inserting true names in lieu of the fictitious names, together with apt and proper charging words, when the true names and capacities are ascertained. All references in this counterclaim to Counter-defendants shall be deemed to include ROE Counter-defendants.

**GENERAL FACTUAL ALLEGATIONS**

8. This action concerns two parcels of real property in San Diego County, California:

    a) 3987 Foothill Ave., Carlsbad, CA 92010 (the "Foothill Property"), more particularly described as:

LOT 188 OF CARLSBAD TRACT 83-19, CALAVERA HILLS VILLAGE T, IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 12951, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 16, 1992, AS CORRECTED BY CERTIFICATE OF CORRECTION RECORDED AUGUST 12, 1998 AS INSTRUMENT NO. 98-509900 OF OFFICIAL RECORDS.

APN: 168-291-13-00

    b) 362 Foxtrail Dr., El Centro, CA 92243 (the "Foxtrail Property") more particularly described as:

LOT 31, COUNTRYSIDE ESTATES SUBDIVISION UNIT NO. 3, IN THE CITY OF EL CENTRO, COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 21, PAGE 40 OF FINAL MAPS ON FILE IN THE OFFICE OF THE COUNTY RECORDER OF IMPERIAL COUNTY.

APN: 054-522-014-00

**The Foothill Property**

9. On or about April 26, 2001, Asanti and Heumann purchased the Foothill Property, taking title as husband and wife joint tenants pursuant to the Grant Deed recorded on April 26, 2001, as Document No. 2001-0259077 in the Official Records of San Diego County, California. A copy of the Grant Deed is attached hereto as Exhibit 1 and incorporated herein by reference.

10. On or about June 17, 2002, the parties transferred the Foothill Property to Heumann as his sole and separate property. However, on or about June 22, 2006, the

parties recorded a Quitclaim Deed by which Heumann transferred the Foothill Property to Heumann and Asanti "husband and wife as community property with right of survivorship." The Quitclaim Deed was recorded as Document No. 2005-0521935 in the Official Records of San Diego County, California. A copy of the Grant Deed is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The parties jointly obtained a mortgage loan for such purchase, in the original amount of $548,000.00, secured by a Deed of Trust against the Property, recorded on March 8, 2006, as Document No. 2006-0159397 in the Official Records of San Diego County, California. A copy of the Deed of Trust is attached hereto as Exhibit 3 and incorporated herein by reference.

12. On or about December 12, 2013, Douglas Heumann transferred his interest in the Foothill Property to the "Douglas C. Heumann Revocable Living Trust dated 8/1/2007" via a Quitclaim Deed recorded on December 12, 2013, as Document No. 2013-0718230 in the Official Records of San Diego County, California. A copy of the Quitclaim Deed is attached hereto as Exhibit 4 and incorporated herein by reference.

13. As a result of recording the Quitclaim Deed attached as Exhibit 4, and the parties divorce, the parties now co-own the property as tenants-in-common rather than as "husband and wife as community property with right of survivorship."

14. From early 2006 to September 25, 2011, the Foothill Property was a rental property. In late September 2011, Heumann and Counter-defendant Norma Heumann moved into the Foothill Property. They are currently residing at and in possession of the Foothill Property.

## **The Foxtrail Property**

15. On or about February 20, 2004, Asanti and Heumann purchased the Foxtrail Property, taking title as joint tenants pursuant to the Grant Deed recorded on February 20, 2004, as Document No. 2004-004996 in the Official Records of Imperial County, California. A copy of the Grant Deed is attached hereto as Exhibit 5 and incorporated herein by reference.

16. The parties jointly obtained a mortgage loan for such purchase, in the original amount of $139,850.00, secured by a Deed of Trust against the Property, recorded on February 20, 2004, as Document No. 2004-004997 in the Official Records of Imperial County, California. A copy of the Deed of Trust is attached hereto as Exhibit 6 and incorporated herein by reference.

17. On or about December 12, 2013, Douglas Heumann transferred his interest in the Foxtrail Property to the "Douglas C. Heumann Revocable Living Trust dated 8/1/2007" via a Quitclaim Deed recorded on December 11, 2013, as Document No. 2013-027722 in the Official Records of Imperial County, California. A copy of the Quitclaim Deed is attached hereto as Exhibit 7 and incorporated herein by reference.

18. As a result of recording the Quitclaim Deed attached as Exhibit 7, the parties now co-own the property as tenants-in-common rather than as joint tenants.

19. Initially, Heumann resided in the Foxtrail Property. At some point in time, Heumann vacated the property and rented it out. The Foxtrail Property is currently a rental property.

## **Heumann and Asanti Divorce**

20. On or about February 7, 2006, Asanti and Heumann's marriage was dissolved by a Judgment of Dissolution entered in the San Diego Superior Court case known as In Re Marriage of Heumann Case No. 137857.

21. Under the terms of the Judgment, Asanti and Heumann were to continue to jointly own the Foothill Property and the Foxtrail Property subject to liens and encumbrances. With respect to the Foxtrail Property, Heumann agreed to pay the entirety of the mortgage.

22. Recently, the parties have had irreconcilable differences over the sharing of expenses for both the Foothill Property and Foxtrail Property. Further, as evidenced by the Complaint, Heumann and Counter-defendant Norma Heumann deny Asanti's 50% ownership in both properties claiming that they have adversely possessed her interest despite having no legitimate bases to make such a claim. As a result of this

dispute, co-ownership between these properties is not feasible and they should be sold by order of the court.

## FIRST CLAIM FOR RELIEF

## (Partition by Sale - Foothill Property)

## [Code Civ. Proc., § 872.230]

23. Counter-claimant hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Counter-claimant Asanti and the Heumann Trust are each 50% tenants-in-common co-owners of the Foothill Property.

25. Partition is sought as to the fee simple estate in the real property.

26. Asanti designates all persons unknown claiming any interests in the Property as Defendants Roes 1-10 inclusive.

27. There are no liens and/or encumbrances on the Property appearing of record or otherwise known to Asanti or apparent from an inspection of the Property or that Asanti reasonably believes will be materially affected by this action, other than the liens alleged herein.

28. Asanti seeks partition of the Property by sale. Partition by sale of the Property is more equitable than division in kind because the Property is a single-family dwelling which cannot be physically divided.

29. This action is brought and partition is sought herein, for the common benefit of the parties, to preserve and secure to each of them their respective interest and rights in the Property, and Asanti has incurred, and will incur, costs of partition herein, including reasonable attorney's fees, for the common benefit of the parties hereto, in an amount not yet ascertainable.

## SECOND CLAIM FOR RELIEF

## (Accounting- Foothill Property)

30. Counter-claimant hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

31. As the only party with current knowledge of the financial affairs of, and condition of, the Foothill Property, Heumann is obligated to care for and protect in all particulars Counter-claimant's financial interests in the Property, to provide periodic statements of accounts of all moneys and profits from the operation of the Property, and to pay over to Counter-claimant her appropriate share of all money received.

32. The parties disagree over the division of income and expenses from the Foothill Property. The amount of credits due to either party from the sale of the property is unknown to Asanti and cannot be ascertained without an accounting of the management, maintenance, and expenses of the Foothill Property, which accounting Heumann has not provided.

## THIRD CLAIM FOR RELIEF

### (Partition by Sale - Foxtrail Property)

### [Code Civ. Proc., § 872.230]

33. Counter-claimant hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully alleged herein.

34. Counter-claimant Asanti and the Heumann Trust are each 50% tenants-in-common in the Foxtrail Property.

35. Partition is sought as to the fee simple estate in the real property.

36. Asanti designates all persons unknown claiming any interests in the Property as Defendants Roes 1-10 inclusive.

37. There are no liens and/or encumbrances on the Property appearing of record or otherwise known to Asanti or apparent from an inspection of the Property or that Asanti reasonably believes will be materially affected by this action, other than the liens alleged herein.

38. Asanti seeks partition of the Property by sale. Partition by sale of the Property is more equitable than division in kind because the Property is a single-family dwelling which cannot be physically divided.

39.     This action is brought and partition is sought herein, for the common benefit of the parties, to preserve and secure to each of them their respective interest and rights in the Property, and Asanti has incurred, and will incur, costs of partition herein, including reasonable attorney's fees, for the common benefit of the parties hereto, in an amount not yet ascertainable.

## FOURTH CLAIM FOR RELIEF
## (Accounting- Foxtrail Property)

40.     Counter-claimant hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

41.     As the only party with current knowledge of the financial affairs of, and condition of, the Foothill Property, Heumann is obligated to care for and protect in all particulars Counter-claimant's financial interests in the Property, to provide periodic statements of accounts of all moneys and profits from the operation of the Property, and to pay over to Counter-claimant her appropriate share of all money received.

42.     The parties disagree over the division of income and expenses from the Foothill Property. The amount of credits due to either party from the sale of the property is unknown to Asanti and cannot be ascertained without a complete accounting of the management, maintenance, and expenses of the Foothill Property, which accounting Heumann has not provided.

**WHEREFORE**, Counter-claimant prays judgment against Counter-defendants as follows:

1)     For a determination by the court that Counter-Plaintiff and Counter Defendant Heumann Trust are 50% tenants-in-common co-owners of the Foothill Property and Foxtrail Property.

2)     For a determination that the Counter-defendants Heumann and Norma Neumann be forever barred from asserting or claiming any title or interest in the Property, real or potential, choate or inchoate, which they may now have, except as admitted herein;

3) For partition by sale of the present interests in the Property according to the respective rights of the parties hereto;

4) For an accounting between Counter-claimant and Counter-defendants;

5) For prejudgment interest on the above sums to the extent allowed by law;

6) For costs pursuant to *Code of Civ. Proc.*, §§ 874.010 and 874.040; and

7) For such other and further relief as the court may deem proper.

Dated: July 12, 2019               **GOODE, HEMME & BARGER, APC**

By: /S/ Jerry D. Hemme
Jerry D. Hemme, Esq.
Attorneys for Defendant/Counter-claimant TAMMIE LEE ASANTI fka TAMMIE LEE HEUMANN